IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 7:22-CR-60 WLS |
| | : | |
| BERTHA SANTIAGO-MARRERO, and JADIEL JOEL CARTAGENA-SOTO, | : : : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

By Order (Doc. 46), entered May 17, 2023, the Court advised the Parties that the Court intended to set this case for trial during the Valdosta Division August 2023 term of Court. The Court ordered all Parties' counsel to confer and inform the Court, no later than Wednesday, June 7, 2023, whether the cases were ready to proceed to trial. [*Id.*] The Parties were further advised that "[i]f this case is not ready for trial, a motion to continue the trial should be filed immediately for the Court's timely consideration; otherwise, this case will be noticed for a pretrial conference." [*Id.*] The Parties' joint response (Doc. 47) informed the Court that the matter was not ready for trial, but the Parties neglected to move for a continuance as required by the May 17, 2023 Order and the Court's Notice of Pretrial Conference (Doc. 48) was entered scheduling the pretrial conference for June 28, 2023 and trial during the Valdosta Division August 2023 term of Court.

Currently before the Court is the Unopposed Joint Motion for Continuance in the Interest of Justice (Doc. 50) ("Motion"). Therein, Defense Counsel for Bertha Santiago-Marrero and Jadiel Joel Cartagena-Soto and Government's Counsel request a continuance of the trial of this matter from the August 2023 trial term to the next term of Court. Counsel state that Defense Counsel needs additional time to complete out-of-state investigations. Additionally, an interpreter is required for Defense Counsel to communicate with Defendant Cartagena-Soto. Scheduling communications with Defendant Cartagena-Sota has been

difficult and time consuming, preventing counsel from making the necessary arrangements for resolution of these cases.

Counsel state that the above circumstances warrant a finding of excusable delay under the Speedy Trial Act 18 U.S.C. § 3161, and that the ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendants in a speedy trial.

Based on the Defendants' and Government's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 50) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2023 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 16th day of June 2023.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**