IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : |
| **BERTHA THERESA SANTIAGO-MARRERO,** | :    **CASE NO: 7:22-CR-60-WLS-TQL-01** |
| | : |
| | : |
| **Defendant.** | : |
| _____ | : |

## ORDER

The Court scheduled the hearing on Defendant Bertha Theresa Santiago-Marrero's Motion to Suppress Illegally Obtained Evidence (Doc. 56) ("Motion to Suppress") for November 28, 2023 at 11:00 a.m. At the beginning of the hearing, Government's Counsel advised the Court that one of her witnesses was unable to attend the hearing due to a family medical emergency. Counsel advised the Court that Defense Counsel agreed to continue the hearing. The Parties agreed to continue the hearing to Tuesday, January 16, 2023 at 11:00 a.m.

By Order (Doc. 57) entered September 16, 2023, the trial of this matter was continued to the Court's Valdosta Division, February 2024 trial term and its conclusion, or as may otherwise be ordered by the Court. With the continuance of the hearing on the Motion to Suppress to January 16, 2023, the Court has reviewed the record and considered, the time necessary to fully resolve the Motion to Suppress, including time: (a) to allow post-hearing briefs, if any, that the Parties may desire to file, (b) for the Court to enter its decision on the Motion to Suppress once it is under advisement by the Court (not more than thirty days), and (c) reasonably necessary, in the exercise of due diligence, for the Parties' counsel to consider the effect of the Court's decision on their respective clients and engage in negotiations, if desired, or to effectively prepare for trial.

Upon such review, and with the Parties' acknowledgment at the hearing that the case would need to be continued from the Court's Valdosta February 2024 trial term, the Court finds, *sua sponte*, that the ends of justice will be served by continuing the trial of this matter and

1

...

that such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that:

1. The evidentiary hearing on the Motion to Suppress is continued to **Tuesday, January 16, 2023 at 11:00 a.m.**.

2. The trial in the above-referenced matter is **CONTINUED** to the Court's next regularly scheduled Valdosta Division trial term, that being the May 2024 term and its conclusion, or as may otherwise be ordered by the Court.

3. In the event either Party desires that the trial of this matter be held on an earlier date, such Party shall promptly file an appropriate motion with the Court after entry of the Court's order resolving the Motion to Suppress.

4. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161,[1] is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D), (H) for any delay resulting from the Motion to

---

[1] The relevant provisions of the Speedy Trial Act provide:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . .

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

. . . .

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

Suppress, starting with the date of filing such motion through the conclusion of the hearing on, or other prompt disposition of such motion and/or for a period of no more than thirty (30) days after the Motion to Suppress is actually under advisement by the Court.

5. Furthermore, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court finds that the failure to continue the trial (a) would likely result in a miscarriage of justice, and/or (b) would deny Counsel for the Parties the reasonable time necessary, in the exercise of due diligence, to consider the effect of the Court's decision on the Motion to Suppress on their respective client and to engage in further negotiations, if desired, or effectively prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 28th day of November 2023.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.